

# In the
# Missouri Court of Appeals
## Western District

STATE OF MISSOURI,

       Respondent,

v.

DOUGLAS E. PENNINGTON,

       Appellant.

WD77087

OPINION FILED:

June 30, 2015

Appeal from the Circuit Court of Platte County, Missouri
The Honorable Owens Lee Hull, Jr., Judge

Before Division One:
James Edward Welsh, P.J., Thomas H. Newton, and Karen King Mitchell, JJ.

Douglas Pennington appeals the circuit court's judgment convicting him of statutory sodomy in the first degree and attempted statutory sodomy following a jury trial. In his sole point on appeal, Pennington contends that the circuit court plainly erred when it overruled his motion to exclude testimony as to the credibility of other witnesses and in refusing to order the State to redact the video recording of Pennington's interrogation to remove a detective's comments about the credibility and intelligence of the complaining witness. We affirm.

Pennington does not contest the sufficiency of the evidence. The evidence established that on March 4, 2011, in Platte County, Missouri, Pennington knowingly placed his finger into

S.M.'s vagina and that Pennington tried to move S.M.'s hand so that she would touch his penis through his clothing. S.M. was three years and ten months at the time of the incident. At the conclusion of the jury trial, the jury found Pennington guilty of statutory sodomy in the first degree and attempted statutory sodomy. Pennington appeals.

Pennington contends that the circuit court erred in overruling his motion to exclude testimony as to the credibility of other witnesses. "'[T]o attack the validity of the admission of evidence to which a motion to suppress evidence was directed, the question to which the motion was directed must be kept alive by asserting a timely objection to its admission at trial and by raising the matter in a motion for a new trial.'" *State v. Brown,* 438 S.W.3d 500, 509-10 (Mo. App. 2014) (citation omitted). Pennington concedes that he did not preserve this claim of error in his motion for a new trial and, therefore, requests plain error review.

Rule 30.20 authorizes this Court to review, in its discretion, "plain errors affecting substantial rights . . . when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Our Supreme Court has established a threshold review to determine if a court should exercise its discretion to entertain a Rule 30.20 review of a claimed plain error. First, we determine whether or not the claimed error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted[.]'" *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc1995) (quoting Rule 30.20). If not, we should not exercise our discretion to conduct a Rule 30.20 plain error review. If, however, we conclude that we have passed this threshold, we may proceed to review the claim under a two-step analysis pursuant to Rule 30.20. In the first step, we decide whether plain error has, in fact occurred. *State v. Baumruk*, 280 S.W.3d 600, 607 (Mo. banc 2009). "All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear." *Id.* (citations and

2

internal quotation marks omitted). In the absence of evident, obvious, and clear error, we should not proceed further with our plain error review. If, however, we find plain error, we must continue to the second step to consider whether or not a miscarriage of justice or manifest injustice will occur if the error is left uncorrected. *Id.* at 607-08.

Pennington's claim does not facially establish substantial grounds for believing that he has been a victim of manifest injustice. "The Missouri Supreme Court has observed that, on direct appeal, a manifest injustice or miscarriage of justice exists so as to entitle a defendant to relief for plain error only when the error is outcome determinative." *State v. Presberry*, 128 S.W.3d 80, 85 (Mo. App. 2003). Plain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome determinative. *Deck v. State,* 68 S.W.3d 418, 427 (Mo. banc 2002).

In this case, the videotaped interview of Pennington's interrogation was played for the jury. In the interrogation, Detective Billy Aaron made comments to Pennington regarding S.M., saying that "for her age she's a pretty sharp little girl," "she speaks pretty well," and "I was rather impressed with how well she did speak." These statements did not express any opinion on S.M.'s credibility. The only possible objectionable comment relating to S.M.'s credibility was made when Detective Aaron asked Pennington whether he grabbed S.M.'s hand and moved it towards his erect penis in his lap. Detective Aaron told Pennington, "I really believe you made it to your lap because she remembers that, very quick little girl, she remembers you putting her hand." Detective Aaron further stated, "I know this, 'cause I talked to her, more importantly a forensic specialist talked to her so we know she's truthful."

As a general rule, witnesses "should not be asked to opine upon the truth or veracity of another [witness's] testimony." *State v. Roper*, 136 S.W.3d 891, 900 (Mo. App. 2004). A court,

however, does not abuse its discretion in admitting statements made by a detective during a police interrogation when the comments provide a context for the interrogation and the statement is offered for the defendant's statement and not the statements made by the detective. *State v. Taylor*, 298 S.W.3d 482, 505 (Mo. banc 2009) (detective's statement did not vouch for witness's credibility when detective stated a witness was "right"). In this case, the circuit court specifically instructed the jury that the evidence of what Detective Aaron said while interviewing Pennington could be considered only for the purpose of giving context to the interrogation.

The instruction given to the jury said:

> The evidence of what Billy Aaron said on [the videotaped interrogation] regarding what [S.M.] said may be considered by you only for the purpose of giving context and meaning to the defendant's responses and shall not be considered by you for any other purpose.

> The evidence of what Billy Aaron said on [the videotaped interrogation] regarding his opinion of [S.M.] and whether she was truthful may be considered by you only for the purpose of giving context and meaning to defendant's responses and shall not be considered by you for any other purpose.

"A jury is presumed to know and follow the instructions given by the trial court." *State v. Jones,* 296 S.W.3d 506, 513 (Mo. App. 2009). "The trial judge may expect that his limiting instructions will be followed." *State v. Isa,* 850 S.W.2d 876, 886 (Mo. banc 1993). The instruction given to the jury told the jury that Detective Aaron's comments could be used solely "for the purpose of giving context and meaning to [Pennington's] responses" and not "for any other purpose." Thus, the jury was aware that Detective Aaron's comments could not be considered to bolster S.M.'s credibility.

Moreover, Detective Aaron testified at trial and did not offer any opinion testimony about the accuracy of S.M.'s statements. Indeed, the circuit court instructed Detective Aaron not to

4

answer the State's question about the statements made during the interview because the jury had watched the videotaped interview and it was admitted into evidence.

Given that the jury was instructed to use Detective Aaron's comments regarding the credibility of S.M. solely "for the purpose of giving context and meaning to [Pennington's] responses" and given that Detective Aaron did not offer any opinion testimony about the accuracy of S.M.'s statements at trial, the admission of Detective Aaron's statements did not have an outcome determinative effect on the verdict and was not plain error.

Further, "error, which in a close case might call for reversal, may be disregarded as not prejudicial when evidence of guilt is strong." *State v. Spears,* 821 S.W.2d 537, 542 (Mo. App. 1991). The jury heard evidence that, on March 4, 2011, S.M. told her mother that Pennington had touched her "down there" pointing to her vagina. Additionally, the forensic specialist who interviewed S.M. testified that S.M. told her that Pennington touched her on her private part with his finger while her pants were off. Pennington also wrote an apology note to S.M.'s mother for touching S.M. in her private parts. Moreover, Pennington confessed to committing the crime during the interview with Detective Aaron. Because evidence of Pennington's guilt most certainly was strong, any comments by Detective Aaron that could have been construed by the jury as vouching for S.M.'s credibility can be disregarded as not prejudicial.

We affirm the circuit court's judgment.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Presiding Judge

All concur.

5