

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110318 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Lincoln County |
| vs. | ) | |
| | ) | Honorable Milan C. Berry |
| HERBERT WELCH, | ) | |
| | ) | |
| Appellant. | ) | Filed: August 1, 2023 |

### Introduction

Herbert Welch ("Defendant") appeals from a Lincoln County Circuit Court judgment after a jury convicted him of statutory rape in the first degree, statutory sodomy in the first degree, and child molestation in the first degree. Defendant brings one point on appeal asserting the trial court erred in failing to *sua sponte* grant a mistrial, issue a limiting instruction, or order the further redaction of the exhibits showing a video recording of Defendant's police interview.

Because Defendant affirmatively waived his right to appellate review, the trial court did not err in admitting the video recording of Defendant's police interview into evidence. We deny Defendant's point on appeal.

We affirm.

## Factual and Procedural History

Victim was a minor child less than twelve years old when the crimes occurred. Defendant, Victim's biological father, and Victim's mother ("Mother") were married in 2013, but divorced in 2014. Defendant and Mother had two children, Victim and the Victim's brother ("Brother"). After the divorce, Defendant and Mother shared joint custody of Victim and Brother. Since 2017, Victim and Brother visited Defendant every other weekend and had "three weeks of uninterrupted time in the summer." Defendant lived with his parents when the alleged offenses occurred.

On February 15, 2019, Victim disclosed to Mother repeated acts of sexual abuse committed by Defendant. Mother reported the incidents to the Lincoln County Sheriff's Department. On February 28, 2019, a detective from the Lincoln County Sheriff's Department ("Detective D.L.") conducted a search with a warrant at Defendant's parent's residence. On the same day, Detective D.L. transported Defendant to the Lincoln County Sheriff's Office to undergo a recorded interview. On April 2, 2021, Defendant was charged with one count of statutory rape in the first degree (Count I), one count of statutory sodomy in the first degree (Count II), and one count of child molestation in the first degree (Count III).

At trial in October 2021, Victim, Mother, Brother, Defendant's mother ("Grandmother"), a forensic interviewer with the St. Clair County Child Advocacy Center, Detective D.L., and an investigator with the Illinois Department of Children and Family Services testified for the State. Defendant and Defendant's father ("Grandfather") testified for the defense. The recorded interview by two detectives at the sheriff's department was also admitted into evidence as Exhibits 16 and 17. Exhibit 16 was the original video recording and Exhibit 17 was a redacted version published to the jury.

On October 21, 2021, a jury found the Defendant guilty on all counts. On January 7, 2022, the trial court sentenced Defendant to fifteen years on Count I, first-degree statutory rape, fifteen years on Count II, first-degree statutory sodomy, and thirty years on Count III, first-degree child molestation. Counts I and II run consecutively and Count III runs concurrently with Counts I and II for a total sentence of thirty years.

This appeal follows.[1]

## Standard of Review

Defendant admits defense counsel did not object to the State introducing into evidence Defendant's interview by the detectives without further redaction, and his points are not preserved for appeal. He therefore requests plain error review. *See* Rule 30.20.[2]

Under Rule 30.20, appellate courts have discretion to conduct a plain error review of unpreserved claims. *State v. Nickels*, 598 S.W.3d 626, 633 (Mo. App. E.D. 2020). "Plain error review is a two-step process." *State v. Harris*, 658 S.W.3d 135, 143 (Mo. App. E.D. 2022) (quoting *State v. DeRoy*, 623 S.W.3d 788, 787 (Mo. App. E.D. 2022)), *transfer denied* (Jan. 31, 2023). "First, the appellate court must determine whether the trial court committed an obvious error, which affected the [defendant]'s substantial rights." *Id.* (quoting *DeRoy*, 623 S.W.3d at 787). "Second, if error is found in the first step, the court must determine whether that error resulted in manifest injustice or miscarriage of justice." *Id.* (quoting *DeRoy*, 623 S.W.3d at 787). Additionally, "[t]he plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review." *Id.* (quoting *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020)).

---

[1] We would prefer to omit the graphic detail contained in this opinion to spare the Victim. We detail only the facts necessary to address Defendant's specific point of alleged error. The detail is necessary to address certain evidence in the context of the issues raised by Defendant.

[2] All Rule citations are to the Missouri Supreme Court Rules (2023), unless otherwise indicated.

**Discussion**

*A. Party Positions*

Defendant argues the trial court erred in failing to *sua sponte* grant a mistrial, issue a limiting instruction, or order the further redaction of the video recording of Defendant's police interview because the detectives' statements were prohibited opinions on the credibility of Defendant and amounted to manifest injustice. Defendant asserts when a witness testifies on the credibility as to whether another witness has been abused, the testimony "must be rejected because it usurps the decision-making function of the jury and, therefore, is inadmissible." *State v. Churchill*, 98 S.W.3d 536, 539 (Mo. banc 2003). Defendant asserts, like *Churchill*, where a physician's testimony stating the alleged abuse of the victim "was real" prejudiced the defendant, here, the detectives' statements Victim was truthful amounted to an improper opinion. *Id.* at 539.

Defendant also notes, "a [trial] court . . . does not abuse its discretion in admitting statements made by a detective during a police interrogation when the comments provide context for the interrogation and the statement is offered for the defendant's statement and not the statement made by the detective." *State v. Pennington*, 464 S.W.3d 292, 295 (Mo. App. W.D. 2015). Defendant cites *Pennington*, in which an officer stated during an interrogation, "I really believe you made it to your lap because she remembers that, very quick little girl, she remembers you putting her hand . . . I know this, 'cause I talked to her, more importantly a forensic specialist talked to her so we know she's truthful." 464 S.W.3d at 295. Defendant notes the court did not find plain error because the jury was instructed the officer's statements could not be used to consider the credibility of the suspect. *Id.* at 296. Here, Defendant argues the trial court did not give a similar limiting instruction. Defendant asserts Exhibits 16 and 17 fail to provide context

4

for the interrogation and, instead, showcase the detectives' opinions on Victim's and Defendant's credibility.

The State argues Defendant affirmatively waived his right to appellate review of the trial court's decision to admit the video of the interview into evidence because defense counsel stated he had "[n]o objection" when the State presented Exhibit 16. *See State v. Jones*, 619 S.W.3d 138, 153 (Mo. App. E.D. 2021) (quoting *State v. Collins*, 188 S.W.3d 69, 77 (Mo. App. E.D. 2006)). The State also maintains, before trial, defense counsel agreed to the admission of Exhibit 17. Thus, the State argues appellate review is improper. *See id.* (quoting *Collins*, 188 S.W.3d at 77).

Additionally, the State argues, if appellate review is warranted, the trial court did not err in failing to *sua sponte* declare a mistrial, issue a limiting instruction, or order the further redaction of the recorded police interview because the videos were admitted to present statements made by Defendant, not the detectives. The State notes, in *Taylor*, the Missouri Supreme Court found a detective's statements of "right" and "I think you're right" during an interrogation were not opinion statements on the defendant's credibility, but were included based on the defendant's statements alone. *State v. Taylor*, 298 S.W.3d 482, 505 (Mo. banc 2009). In *Pennington*, the State notes the court found the officer's statements "did not have an outcome determinative effect on the verdict and was not plain error." 464 S.W.3d at 296. Like *Taylor* and *Pennington*, the State argues the trial court did not plainly err in admitting Exhibits 16 and 17 because the detectives' statements did not call into question Defendant's credibility but instead gave "context to the interrogation." Further, the State claims *Churchill* is not applicable because it concerned sworn expert testimony providing an opinion on the witness's credibility as opposed to testimony from officers during an interrogation. 98 S.W.3d at 539.

The State then notes a "[m]istrial is a drastic remedy and should be employed only in the most extraordinary circumstances." *State v. Boyd*, 659 S.W.3d 914, 926 (Mo. banc 2023) (quoting *State v. McFadden*, 369 S.W.3d 727, 740 (Mo. banc 2012)). As for a limiting instruction, the State asserts "[i]n the absence of a proper request therefor, the objector cannot successfully complain of the failure of the court to give a limiting instruction." *White v. State*, 576 S.W.3d 285, 294 (Mo. App. W.D. 2019) (quoting *Sapp v. Morrison Bros. Co.*, 295 S.W.3d 470, 484 (Mo. App. W.D. 2009)). Thus, the State contends Defendant is not entitled to a mistrial, and without a proper request, a limiting instruction is not warranted.

Finally, the State argues Defendant did not meet his "burden of demonstrating manifest injustice or miscarriage of justice." *State v. Miller*, 162 S.W.3d 7, 16 (Mo. App. E.D. 2005) (citing *State v. Tokar*, 918 S.W.2d 753, 770 (Mo. banc 1996)). The State asserts Defendant did not indicate the statements made by the detectives were decisive. *See State v. Martin*, 661 S.W.3d 337, 342 (Mo. App. S.D. 2023). The State maintains the record includes other contradictory statements made by Defendant, which called into question his credibility. Together, the State asserts the trial court did not err in failing to *sua sponte* declare a mistrial, issue a limiting instruction, or order the further redaction of the video recording of Defendant's police interview.

### B.  Analysis

"An announcement of 'no objection' amounts to an affirmative waiver of appellate review of the issue." *Jones*, 619 S.W.3d at 153 (quoting *Collins*, 188 S.W.3d at 77). Plain error review is not proper when "a party affirmatively states that it has no objection to evidence an opposing party is attempting to introduce." *State v. Thompson*, 401 S.W.3d 581 (Mo. App. E.D. 2013) (quoting *State v. Johnson*, 284 S.W.3d 561, 582 (Mo. banc 2009)).

6

Here, before trial, defense counsel affirmatively agreed to admit Exhibit 17, the redacted version of the recorded police interview. During trial, following the State's request to offer Exhibit 16, the original recorded police interview, into evidence, defense counsel made an announcement of "[n]o objection." And before the State published Exhibit 17 to the jury, defense counsel and the State discussed with the trial court judge, out of hearing from the jury, the prior agreement to admit Exhibit 17. Thus, Defendant affirmatively waived appellate review of admitting the exhibits, and plain error review is not warranted. *See Jones*, 619 S.W.3d at 153.

Even if Defendant did not affirmatively waive his right to plain error review, if we conducted plain error review, he would not meet his "burden of establishing that the trial court committed an error that was evident, obvious, and clear." *Harris*, 658 S.W.3d at 143 (quoting *State v. Schmidt*, 630 S.W.3d 802, 807 (Mo. App. E.D. 2021)). Defendant argues the trial court erred in failing to *sua sponte* grant a mistrial, issue a limiting instruction, or order the further redaction of the recorded police interview. But, "[t]he trial court has broad discretion to admit or exclude evidence during a criminal trial, and error occurs only when there is a clear abuse of this discretion." *State v. Hart*, 404 S.W.3d 232, 248 (Mo. banc 2013) (quoting *State v. Simmons*, 955 S.W.2d 729, 737 (Mo. banc 1997)). For a limiting instruction, plain error occurs "when it is clear the trial court so misdirected or failed to instruct the jury so that it is apparent the error affected the verdict." *State v. Miller*, 372 S.W.3d 455, 470 (Mo. banc 2012) (quoting *State v. Beeler*, 12 S.W.3d 294, 300 (Mo. banc 2000)). In addition, "[w]hether to grant a mistrial 'is left to the discretion of the trial court because the trial court is in the best position to observe the impact of the problematic incident.'" *Boyd*, 659 S.W.3d at 926 (quoting *State v. Roberts*, 948 S.W.2d 577, 605 (Mo. banc 1997)). And "a court should declare a mistrial *sua sponte* 'only in exceptional circumstances.'" *Id.* (quoting *State v. Clay*, 975 S.W.2d 121, 134 (Mo. banc 1998)).

During police interrogations, "deception is sometimes employed to elicit confessions." *State v. Gray*, 662 S.W.3d 115, 120 (Mo. App. S.D. 2023), *reh'g and/or transfer denied* (Feb. 8, 2023), *transfer denied* (Apr. 4, 2023). "[A] statement of a police officer's opinion expressed to a defendant in the context of interrogation is not objectionable on the ground that it is impermissible opinion evidence if the statement is offered to provide context to the defendant's answers, rather than to prove the truth of the officer's opinion." *State v. Jones*, 398 S.W.3d 518, 525 (Mo. App. E.D. 2013) (citing *State v. O'Brien*, 857 S.W.2d 212, 222 (Mo. banc 1993)).

In *Gray*, the defendant, convicted of statutory rape in the first degree, enticement of a child, and child molestation in the second degree, contended the trial court erred in admitting a recorded interrogation of the defendant by a detective. 662 S.W.3d at 116, 118. During the interrogation, the detective made statements, such as:

> "I don't think [the child] is lying or anything like this but I think it may be a situation of it may just be difficult for you to kind of remember what exactly happened"; "what [the child] is saying is the truth"; "I think it did happen"; "No doubt that [the child's] telling the truth" and "this did happen."

*Id.* at 117–18. The court reasoned the "statements were offered only to provide context to [the defendant's] responses in the interrogation and are crucial to understanding [the defendant's] responses." *Id.* at 120. For example, the court found it would be "difficult to understand why" the defendant would make statements about experiencing blackouts (due to drug use) or it being unlikely the child would lie because they were "very close" without the detective's statements. *Id.* The court concluded the trial court did not err in allowing the detective's statements because they were a part of a "give-and-take conversation with [the defendant] during an interrogation and were admitted solely for that purpose." *Id.*

Here, Defendant specifically complains of comments by the detectives during his interrogation as to his and Victim's credibility. For example, during the interview with

8

Defendant, another Lincoln County Sheriff's Department detective ("Detective E.H.") entered the room and made multiple comments including:

"A child that age could not, could not, come up with, make up, or lie about" such sexual acts; "Your child could not lie about what it's like to be penetrated, sexual intercourse, and what that feels like, what that looks like, what the position is"; "Your daughter . . . could not lie about [being sexually assaulted] and what that looks like, what that feels like"; "Tell me why she's saying all these things and you think it's a lie, because I don't"; "She's not lying"; "A child doesn't know what they don't know"; "You did do it, you're not gonna admit to it because you think that it's gonna go away"; "All the stuff, the 'I don't know' 'it wasn't me,' I'm not buying it even a little."

Detective E.H.'s "comments were directed to statements [Defendant] made during the investigative interview and gave context to [Detective E.H.] continuing to confront [Defendant] with apparent inconsistencies despite his denial." *State v. Benn*, 341 S.W.3d 203, 212 (Mo. App. W.D. 2011). For example, while Defendant denied the abuse allegations, Victim recalled the repeated acts of sexual abuse during her Child Advocacy Center (CAC) interview, which took place before Defendant's interrogation. Additionally, Brother and Victim stated during their CAC interviews they took turns sleeping in bed with Defendant, while Defendant asserted in the investigative interview the children never slept in his room.

Also like in *Gray*, these statements "provide necessary context to [Defendant's] own statements about [Victim's] credibility." *Gray*, 662 S.W.3d at 120. For example, Defendant stated Victim has "been known to lie," she lies "all the time," and "[y]ou can even ask her mom, her mom will tell you she lies." The detectives' statements were part of a "give-and-take conversation" with the defendant during his interrogation and "were admitted solely for that purpose." *Id.* Thus, the video of the interrogation was offered for the content of Defendant's statements, and the detectives' statements within the video only provide context to Defendant's responses. *See id.* Defendant failed to demonstrate the trial court plainly erred by failing to *sua*

*sponte* grant a mistrial, issue a limiting instruction, or order further redaction of the recorded police interview based on Defendant's own contradictory statements.

Nor did Defendant meet his "burden of establishing manifest justice." *State v. Oates*, 540 S.W.3d 858, 863 (Mo. banc 2018) (quoting *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006)). "The Missouri Supreme Court has observed that, on direct appeal, a manifest injustice or miscarriage of justice exists so as to entitle a defendant to relief for plain error only when the error is outcome determinative." *State v. Presberry*, 128 S.W.3d 80, 85 (Mo. App. E.D. 2003) (citing *Deck v. State*, 68 S.W.3d 418, 427 (Mo. banc 2002)). And an "[e]rror which in a close case might call for a reversal may be disregarded as harmless when the evidence of guilt is strong." *State v. Thomas*, 628 S.W.3d 686, 694 (Mo. App. E.D. 2021) (quoting *State v. Blakey*, 203 S.W.3d 806, 816 (Mo. App. S.D. 2006)).

In *Martin*, the defendant sought plain error review of his interrogation, in which a detective repeatedly stated the victim's statements were truthful. 661 S.W.3d at 338. During the interrogation, the detective stated,

> "[W]e agree that [the victim] isn't a liar"; "why would [the victim] make this stuff up"; [The victim] told me the truth about [Stepfather] . . . which tells me she's telling me the truth about you too"; I know [the victim] is telling the truth"; the only logical conclusion is that [the victim]'s telling me the truth and that something happened between you guys"; and "[the victim] wouldn't make something like this up."

*Id.* at 339. While the defendant initially denied the allegations of four counts of first-degree statutory sodomy, he eventually made incriminating statements during the interrogation. *Id.* at 338, 339. Considering the defendant's own incriminating statements and all other evidence offered, the court in *Martin* found the outcome of the trial would not have changed absent the interrogation of the defendant. *Id.* at 342. Thus, the court denied plain error review because the

10

defendant "failed to facially establish substantial grounds for believing that a manifest injustice or miscarriage of justice resulted from the alleged errors." *Id.*

Here, the evidence presented shows the outcome would not have differed absent the detectives' comments in Exhibits 16 and 17. Like in *Martin*, Detective E.H. made similar statements about the truthfulness of Victim's statements. Still, the record indicates multiple occasions when Defendant's assertions did not coincide with statements made by other witnesses. For example, despite Defendant's assertions in the interview Victim and Brother slept in the living room, Defendant stated at trial the children sometimes slept with him. Additionally, Defendant stated in the interview he helped the children shower and applied medication to help with Victim's yeast infection a few times. In contrast, Grandmother testified at trial she was the only one who helped the children shower, and she applied medication to help with Victim's yeast infection. During the interview, Defendant also stated he had gone twenty-eight days without sheets on his bed. At trial, Grandmother recounted Defendant's bed did not have sheets on the day the police arrived with a search warrant because she was "washing them." Finally, Defendant stated during the interview Victim did not have a yeast infection for about "nine to ten months." Whereas Mother, Grandmother, and Grandfather testified Victim had a yeast infection on the last visit with Defendant. As to Victim, she consistently testified about the abuse and to other facts, such as sleeping arrangements, which were corroborated by other witnesses.

Thus, contradictory statements made by Defendant called into question his credibility notwithstanding the comments made by the detectives during the interview. *See Martin*, 661 S.W.3d at 342. And evidence offered as to Victim, including her own testimony, supported her credibility. *See id.* Defendant "failed to facially establish substantial grounds for believing that a manifest injustice or miscarriage of justice resulted from the alleged errors," and plain error

11

review is unwarranted. *Id.* Defendant would have failed to demonstrate plain error had he not affirmatively waived appellate review by agreeing to the admission of Exhibits 16 and 17, the video recordings of Defendant's police interview. *See Harris*, 658 S.W.3d at 143.

Point I is denied.

## Conclusion

The judgment of the trial court is affirmed.

_____
Philip M. Hess, Judge

Kelly C. Broniec, C.J., and
James M. Dowd, J. concur.